IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**JUDY CATHERIN ALTMAN**                                                                                          **PLAINTIFF**

vs.                                                                    CIVIL ACTION No.: 3:21-CV-194-HTW-LGI

**MARY H. MCLAURIN**                                                                                           **DEFENDANT**

**ORDER**

BEFORE THIS COURT is the *Motion to Dismiss or For Other Sanctions For the Plaintiff's Perjured Testimony* **[Docket no. 42]**, filed by Defendant Mary H. McLaurin ("Defendant"). Defendant, by way of her Motion, asserts that Plaintiff Judy Catherin Altman ("Plaintiff" or "Altman") provided, under oath, false discovery and deposition testimony to Defendant. The appropriate penalty for Plaintiff's perjured testimony, argues Defendant, is dismissal of this entire litigation.

Plaintiff, contrariwise, argues that Defendant's Motion to Dismiss is baseless and frivolous. Plaintiff denies outright any accusation of perjury, stating that Defendant's allegations of such against her "are simply not true."

Plaintiff is an adult resident citizen of Escambia County, Florida. Defendant resides in Madison County, Mississippi. Plaintiff's requested damages herein exceed $75,000, exclusive of interest and costs. This court, therefore, possesses subject matter jurisdiction over this matter by way of Title 28 U.S.C. § 1332[1], commonly known as diversity subject matter jurisdiction.

---

[1] 28 U.S.C. § 1332 states:
(a)   The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between—

1

This lawsuit stems from an incident which occurred on or about August 19, 2019, in Ridgeland, Mississippi. Plaintiff states that, on this day, she was situated inside a nail salon when Defendant drove a vehicle through the entrance to the salon. Plaintiff alleges that Defendant's vehicle struck Plaintiff and caused Plaintiff to suffer physical injuries, to wit: a pelvic fracture; bruised ribs; injury to Plaintiff's right hand; and laceration on Plaintiff's legs and right knee. See *Altman's Deposition*, Docket no. 42-2, p. 26. Plaintiff also claims to suffer from the following emotional injuries originating from this incident: anxiety; sleeplessness; nightmares; and fear of walking/driving in traffic. *Id*, p. 27.

Plaintiff was sixty-two (62) years of age. Plaintiff alleges that she was working full-time as a registered nurse at Mississippi Baptist Hospital at the time of the incident[2]. The Plaintiff claims to have ongoing physical problems related to her hip and pelvis, and claims that as a result of these injuries she was forced to retire from her employment at Baptist Hospital due to her "inability to walk and stand for long periods of time".

Plaintiff states that, prior to this incident, "she had no other medical problems that affected her ability to do her job". Plaintiff alleges further that she was "working 12-hour shifts, heavy lifting and working with patients at the Hospital".

Plaintiff filed her Complaint for damages in this federal forum on March 15, 2021 [Docket no. 1]. Since that time, the parties have participated in extensive written and deposition discovery[3].

---

(1)   Citizens of different States; …

[2] The Plaintiff holds an RN license, ACLS and BLS certifications and has been employed in nursing since 1979 working in both patient care and as Director of Nursing.

[3] On February 2, 2023, this court held a Motions Hearing, during which hearing Defendant, by way of her attorney of record, conceded that she was liable for Plaintiff's injuries. Defendant further confirmed, during this hearing, that the only issue now remaining before this court is the amount of damages sustained by the Plaintiff.

2

A federal court with diversity jurisdiction applies the substantive law of the forum state. *Learmonth v. Sears, Roebuck & Co.* 710 F.3d 249, 258 (5th Cir. 2013). Thus, obedient to the longstanding United States Supreme Court doctrine established in *Erie Railroad Co., v. Tompkins*, 304 U.S. 64 (1938), this court, sitting in Mississippi, applies the substantive law of Mississippi to the substantive issues in this lawsuit. The Federal Rules of Civil Procedure, however, cannot be displaced by state procedural law pursuant to *Erie*. *Hannah v. Plumer,* 380 U.S. 460, 465, 85 S.Ct. 1136, 14 L.Ed2d 8 (1965). This court, therefore, analyses the issue of discovery sanctions before it *sub judice* through the lens of Federal Rules of Civil Procedure 37.

Federal Rule of Civil Procedure 37 provides for sanctions to be imposed on litigants who litigate in bad faith. See F.R.C.P. 37. This court, more specifically, can sanction a party under Rule 37 by dismissing the party's lawsuit in its entirety. *Bluitt v. Arco Chem.,* 777 F.2d 188, 191 (5th Cir.1985).

Dismissal with prejudice, however, is "an extreme sanction that deprives a litigant of the opportunity to pursue his claim." *Gonzalez v. Firestone Tire & Rubber Co.*, 610 F.2d 241, 247 (5th Cir. 1980). Several factors must be present before a district court may dismiss a case with prejudice as a sanction for violating a discovery order: (1) "the refusal to comply results from willfulness or bad faith and is accompanied by a clear record of delay or contumacious conduct;" (2) the violation of the discovery order must be attributable to the client instead of the attorney, (3) the violating party's misconduct "must substantially prejudice the opposing party;" and (4) a less drastic sanction would not substantially achieve the desired deterrent effect. *Moore v. CITGO Ref. & Chemicals Co., L.P.*, 735 F.3d 309, 316 (5th Cir. 2013)(citing *Doe v. Am. Airlines,* 283 Fed.Appx. 289, 291 (5th Cir.2008) (internal quote omitted).

The United States Court of Appeals for the Fifth Circuit has explained that in considering whether a plaintiff's conflicting testimony constitutes "contumacious conduct" sufficient to justify the dismissal of a complaint "[i]t is not a party's negligence–regardless of how careless, inconsiderate, or understandably exasperating–that makes conduct contumacious; instead, it is the *stubborn resistance to authority* which justifies a dismissal with prejudice." *Sturgeon v. Airborne Freight Corp.*, 778 F.2d 1154, 1159 (5th Cir. 1985)). (emphasis in original) (quotation omitted). When a litigant "deceitfully provide[s] conflicting testimony in order to further his own pecuniary interests," he defies his oath to tell the truth, commits perjury, and undermines the integrity of the legal process. *Id.* at 78. "Through his perjured testimony, [the plaintiff] commit[s] fraud upon the court, and this blatant misconduct constitutes contumacious conduct." *Id.*

### *The Alleged False Testimony*

Defendant accuses Plaintiff of lying about two medical conditions during discovery: Anxiety and Pelvic Pain.

1. <u>Anxiety</u>

Plaintiff, in response to the Defendant's Interrogatory No. 4, asking the Plaintiff whether she had physical, mental or emotional problems prior to the subject accident, she stated that in the previous five years she had sought treatment for hypertension and the injuries from the subject accident. Defendant alleges that because Plaintiff did not disclose any mental or emotional problems, Plaintiff's statement is false. Defendant further argues that Plaintiff's failure to disclose that she was actively taking medication for anxiety/depression medications prior to the subject incident amounts to false testimony to this court.

Plaintiff's deposition testimony, says Defendant, also contains false statements about her previous mental and emotional history. When asked specifically if she had prior anxiety, the Plaintiff answered, "I don't think so." [Docket no. 42-2, p. 37]. When confronted with the medical records from her long-time family physician, Dr. Cynthia Allen, Plaintiff admits that she had a history of "generalized anxiety disorder" and was taking the anti-anxiety medication Lexapro before the accident. Plaintiff, however, contends that this medication, Lexipro, was for "migraines".

Defendant argues that none of Plaintiff's submitted records shows that Plaintiff ever suffered from migraines, and that Lexipro, allegedly an anti-depression and anxiety medication, cannot be used to treat migraines.

This court, however, notes that although records from Plaintiff's primary physician, Dr. Allen fail to mention "migraines", an October 2021, independent medical evaluation conducted by Dr. Mark Webb at the Mississippi Neuropsychiatric Clinic in Ridgeland, Mississippi states the following:

> She…has a history of migraine headaches that were hormone related. She took Desyrel and Lexapro for years to help with her migraines. She states that her migraines have now eased since she went through menopause, and she has been off the Lexapro and Desyrel and has done okay.

[Docket no. 49-2, p. 2].

This court, at this juncture, does not have before it any expert testimony related to this key issue: whether Lexapro may be used to treat (hormone-related) "migraines. This court, therefore, cannot make a credibility determination as to this issue such that could support a finding of "contumacious conduct", at this stage. This court shall conduct an evidentiary hearing on this matter, whereat this court expects to hear expert testimony regarding the full-scope of

Plaintiff's history with "migraines" and "generalized anxiety order, and the intended use of the prescription medication, Lexapro.

2. Pelvic Injury

Next, Defendant claims that in response to Interrogatory No. 7, when the Defendant asked the Plaintiff whether she had any medical problem or treatment "In regard to any complaints or problems or parts of your body similar to the complaints, problems, and parts of your body involved in this case", the Plaintiff only mentioned a foot fracture that occurred in December of 2019. The Plaintiff lied, says Defendant, because she failed to disclose that she had similar complaints of pelvis pain prior to the accident. The Plaintiff allegedly also complained of similar pain that limited her ability to walk and stand for long periods of time.

During her deposition, Plaintiff was asked whether she had ever had any pain in her pelvis area before the subject accident. The Plaintiff responded, "Not that I can think of." Plaintiff's deposition, p. 27. The Defendant, though, elicited the following testimony:

> Q. I noticed in your medical records that Dr. Allen had given you a refill for joint medication?
> A. Uh huh.
> Q. Were you actively taking joint medication prior to the accident?
> A. No.
> Q. Were you actively taking pain medication before the accident?
> A. No, no. I don't think so.

[Docket no. 42-2, pp. 35-36]. The Plaintiff stated that "if" she was taking any pain medication prior to the incident, it would have been for her back, which was not injured in the subject accident. *Id*. p. 37. This, argues Defendant, is false.

Plaintiff asserts, however, that all of her actions throughout this litigation have been in good faith. She alleges she did not suffer from "pelvic pain" prior to the incident, and that she

has proceeded in good faith during the discovery process, including signing, and producing an authorization for Defendant to obtain Plaintiff's medical records.

This court, again, is without sufficient testimony at this juncture to determine the intended use(s) of Plaintiff's prescribed joint and pain medication. This issue must be fleshed out by expert medical opinions.

**IT IS, for the above-mentioned reasons, ORDERED that Defendant Mary H. McLaurin's Motion to Dismiss, or for Other Sanctions [Docket no. 42] hereby is DENIED**.

**The parties herein are directed to contact this court within seven (7) days of entry of this Order to schedule an Expert Testimony Evidentiary Hearing.**

**Following that hearing, Defendant may re-urge a summary judgment motion under Federal Rule of Civil Procedure 56, based on Defendant's contention that Plaintiff has committed perjury.**

SO ORDERED this the 31st day of March, 2023.

/s/HENRY T. WINGATE
UNITED STATES DISTRICT JUDGE